**RECEIVED**

JUN 0 2 2026

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TENNESSEE**

**WESTERN DIVISION**

| | |
|---|---|
| **CHARLES HENDERSON TIGNER IV.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: _____. |
| | ) (signedbyClerk) |
| | ) |
| **CITY OF MEMPHIS, TENNESSEE;** | ) |
| **OFFICER CHARLES TIPTON, in his** | ) |
| **42 U.S.C.§ 1983.** | ) |
| **individual and official capacities;** | ) |
| **OFFICER ERIC COOK, in his** | ) |
| **individual and official  capacities** | ) |
| **UNKNOWN LIEUTENANT OF THE** | ) |
| **MEMPHIS POLICE DEPARTMENT, in** | ) |
| **his individual and official** | ) |
| **capacities;** | ) |
| **UNKNOWN OFFICERS 1-10 OF THE** | ) |
| **MEMPHIS POLICE DEPARTMENT.** | ) |

MACE'S HEAVY DUTY TOWING        )

SERIES LLC,                     )

UNKNOWN PROPERTY OWNERS         )

    Defendants.                 )

_____.      )


## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Charles Henderson Tigner IV, proceeding pro se, and respectfully files this Complaint against the Defendants, City of Memphis, Tennessee; Officer Charles Tipton; Officer Eric Cook; Unknown Memphis Police Department Lieutenant; Unknown Memphis Police Department Officers 1-10; and Mace's Heavy Duty Towing Series LLC, alleging violations of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, and related Tennessee state law claims, stating as follows:


## I. PARTIES

1. Plaintiff, Charles Henderson Tigner IV, is an adult resident of Shelby

County, Tennessee, residing at 164 Walnut Bend Cove, Cordova, TN 38118. Plaintiff is the owner and sole operator of the local commercial food trailer business operating under the trade name Litty Tig's.

2. Defendant, City of Memphis, Tennessee, is a municipal corporation organized under the laws of the State of Tennessee, located in Shelby County. The City of Memphis is the public entity legally responsible for the operations, management, training, policies, custom, widespread practices, and discipline of the Memphis Police Department (hereinafter "MPD") and its Internal Affairs Division.

3. Defendant, Officer Charles Tipton, is, and at all times relevant to this action was, a law enforcement officer employed by the MPD, acting under color of state law. Officer Tipton is sued in both his individual and official capacities.

4. Defendant, Officer Eric Cook, is, and at all times relevant to this action was, a law enforcement officer employed by the MPD, acting under color of state law. Officer Cook is a primary target of active prior federal litigation brought by Plaintiff and is sued herein in both his individual and official capacities.

5. Defendant, Unknown Lieutenant of the Memphis Police Department, is, and

at all times relevant was, a supervisory law enforcement officer employed by the MPD, acting under color of state law. The Unknown Lieutenant responded authoritatively to the scene of the June 2, 2025 injury event and is sued in both his individual and official capacities.

6. Defendants, Unknown Officers 1-10 of the Memphis Police Department, are, and at all times relevant were, law enforcement personnel employed by the MPD, acting under color of state law, who actively participated in, directed, or failed to intervene during the violation of Plaintiff's constitutional and statutory civil rights.

7. Defendant. Mace's Heavy Duty Towing Series LLC (hereinafter "Mace Towing"). is a private commercial Series Limited Liability Company formed and operating under the laws of the State of Tennessee, bearing Control Number 000677527. Mace Towing maintains its principal office address at 3501 Knight Arnold Road. Memphis. TN 38118, and its corporate mailing address at 5349 Estate Office Drive. Suite 3, Memphis. TN 38119. At all times relevant to this action, Mace Towing acted in concert with, jointly with, or at the explicit mandate and direction of MPD state actors, thereby acting under color of state law for purposes of 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

8. This Court possesses original federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this civil action is brought to redress the deprivation of liberty and property rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.

9. This Court possesses supplemental jurisdiction over Plaintiff's related Tennessee state law claims pursuant to 28 U.S.C. § 1367(a), as the state law claims are derived from a common nucleus of operative facts and form part of the same case or controversy.

10. Venue is proper within the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because all named Defendants reside or operate within this judicial district, and all singular events, acts, omissions, and structural injuries giving rise to the claims detailed herein occurred entirely within Shelby County, Tennessee.

11. Related Case Notice: This civil action is directly and intrinsically related to Plaintiff's active federal lawsuit currently pending in this District, docketed as Charles Henderson Tigner IV v. City of Memphis, et al., Case No. 2:21-cv-02475. The unconstitutional conduct, systemic failures, and targeting detailed in the following sections constitute a direct,

unlawful continuation of the ongoing customary practice, retaliatory pattern, and systemic harassment executed by the City of Memphis and its operating agents against Plaintiff.

III. **STATEMENT OF FACTS**

Historical Pattern and Customary Practice of Targeted Vehicle Seizures

12. The ongoing custom, policy, and widespread pattern of targeted harassment, retaliatory actions, and unlawful property deprivation executed by City of Memphis personnel against Plaintiff began during the events of Plaintiff's initial 2020 dispute (litigated under Case No. 2:21-cv-02475). During that interaction, Defendant Officer Eric Cook acted as a primary actor, fabricator, and enforcer. Officer Cook cited a non-existent, fabricated departmental towing policy—which he later attempted to validate via recorded body-worn camera footage—to order the immediate, unlawful towing of Plaintiff's Ford Expedition from a lawful parking space.

13. During a subsequent interaction at the Azure Apartments complex, an accomplice private security officer subjected Plaintiff to gross excessive force, deployment of a taser weapon, and violent electrocution. Defendant Officer Eric Cook was physically present on the scene, directly witnessed

the attack, and completely failed to intervene to protect Plaintiff's safety. Officer Cook did not personally fire the weapon; instead, he stood by passively and watched as Plaintiff was tased five to six times amidst total chaos. Only after the completion of the tasing cycle did Officer Cook patiently walk up to the scene. Rather than preserving the peace or addressing the vehicular wreck and physical assault, responding personnel weaponized administrative authority to falsely classify the bleeding victim, Mr. Tigner, as a criminal suspect. Concurrently, Plaintiff's Cadillac was unlawfully towed from the complex, and his ignition keys were permanently confiscated on-scene by personnel and never returned, resulting in a permanent deprivation of personal property.

14. In the exact same month as the Cadillac seizure, Plaintiff's Mercedes CLS 500 was unlawfully pulled and taken directly from outside his formal residence. When Plaintiff contacted the City of Memphis Police Department to report the vehicle as stolen, MPD personnel admitted that the department had ordered or authorized the tow. However, the City of Memphis completely failed to collect, document, or log any structural information regarding which private towing vendor took the vehicle or where it was stored. This tracking failure effectively allowed a vehicle to be stolen under the color of law, demonstrating a severe municipal policy failure regarding mandatory vehicle reporting and property accountability.

15. By failing to collect mandatory tracking information on a vehicle seized under police dispatch authority, the City of Memphis actively facilitated the total theft and permanent conversion of Plaintiff's vehicle. This systemic reporting failure effectively allowed a vehicle to be stolen under the color of law, demonstrating a severe municipal policy failure regarding mandatory vehicle reporting and property accountability, and proving an ongoing custom where the City of Memphis operates in deliberate indifference to predatory towing networks targeting Mr. Tigner specifically.

**First 2025 Incident: The June 2, 2025 Injury Incident at American Way**

16. On or about June 2, 2025, Plaintiff Charles Henderson Tigner IV was operating his commercial food trailer business near American Way in Memphis, Tennessee, assisted by his delivery driver who was actively attempting to pull the trailer with his partners truck.

17. On said date, a heavy-duty commercial tow truck driver employed by Defendant Mace's Heavy Duty Towing Series LLC arrived on the scene and recklessly, maliciously backed over Plaintiff, new barrels belonging to Plaintiff's commercial food trailer business.

18. As a direct physical result of being struck and compressed by the heavy Mace Towing vehicle, Plaintiff was violently knocked to the ground, suffered

severe physical injuries, and was left visibly bleeding out of his legs.

19. Immediately following the vehicular assault, the Mace Towing driver threatened Plaintiff with further imminent bodily injury, using explicit Use code with caution.
profanity and slurs, stating he would "whip [Plaintiff's] ass," claiming the profuse bleeding was "just a scratch," and declaring that he was going to seize Plaintiff's trailer because Plaintiff lacked the power to stop him.

20. Personnel of the MPD responded to the scene of the personal injury crash. Upon arrival, rather than securing immediate, vital medical attention from on-scene paramedics for a visibly bleeding citizen, the arriving MPD officers exacerbated the danger by imposing authoritative duress, threats, and physical intimidation over Plaintiff.

21. Plaintiff, inside an active medical emergency, repeatedly requested that a commanding supervisor or Lieutenant be dispatched to the scene to check the unlawful conduct of the responding officers and the tow truck driver.

22. Upon arrival at the scene, the Defendant Unknown Lieutenant actively escalated the constitutional and physical violations. Rather than preserving the crime scene or documenting the vehicular assault, the Unknown Lieutenant instructed and authorized the Mace Towing driver to cut the security locks

and chains connecting Plaintiff's commercial food trailer to his pickup truck.

23. MPD personnel and the Unknown Lieutenant subsequently leveraged their state authority to impose an unconscionable ultimatum over Plaintiff: force himself up off the ground on severely injured, bleeding legs to run around and manually re-hook his trailer under physical duress, or stand by and watch his entire commercial livelihood be taken by a private towing entity.

24. This intense state-sanctioned coercion and intentional denial of emergency medical stabilization forced Plaintiff to further damage his legs, causing excruciating physical pain, deep public humiliation, and extreme emotional distress. MPD personnel subsequently authorized the Mace Towing driver to flee the scene of a personal injury vehicle accident without creating an official accident report, documenting driver identities, or initiating a standard criminal investigation.

**Second 2025 Incident: The November 15, 2025 Seizure of "38118 OUTSIDE SMOKING"**

25. On Saturday, November 15, 2025, Plaintiff suffered a flat tire on his mobile food trailer—a red and black custom commercial unit prominently marked with the trade signage "38118 OUTSIDE SMOKING"—while near American Way.

26. Plaintiff sought and obtained explicit verbal permission from a local on-site

business owner, identified as "K Dolls" of K Dolls Extensions, to temporarily park the food trailer across from her establishment while he purchased a replacement tire and executed the wheel repairs.

27. The trailer was safely positioned in the designated space at approximately 4:55 PM on Saturday, November 15, 2025. Following the completion of the physical repairs, Plaintiff returned to inspect and secure the vehicle. At approximately 3:50 AM on Sunday, November 16, 2025, Plaintiff was physically inside his food trailer awaiting the imminent arrival of a commercial transport truck to remove the unit.

28. While inside the immobile structure, Plaintiff witnessed a towing vehicle belonging to Defendant Mace's Heavy Duty Towing Series LLC pull up and actively begin removing the protective weather tarp covering Plaintiff's hitch assembly. The commercial property completely lacked any visible "No Parking" or "Tow-Away Zone" signage, no warning stickers had been applied, and the vehicle had been on the lot for less than 12 hours.

29. Defendant Officer Charles Tipton and Defendant Officer Eric Cook responded to the lot. Upon arrival, the officers assumed authority under color of law to facilitate a private property seizure. The officers confiscated Plaintiff's mobile phone, placed Plaintiff under illegal detention inside a parked squad car, and explicitly ordered the Mace Towing driver to cut the security locks and

chains off the vehicle.

30. While the food trailer was physically still on the commercial lot, Plaintiff explicitly exercised his statutory right under the Tennessee Non-Consent Towing Act (The Motion Act) and requested a standard non-consent "drop fee" price to release his property. The Mace Towing driver demanded $225 in cash immediately to drop the trailer.

31. Plaintiff loudly objected directly to the driver and in the immediate, unbroken presence of Officer Tipton and Officer Cook, stating that a $225 cash demand was a direct violation of state law, which strictly caps non-consent tow drop fees at $100.

32. Officer Tipton, Officer Cook, and the responding supervisors explicitly sanctioned the illegal cash extortion attempt, refused to enforce the statutory state cap, denied Plaintiff his right to pay the lawful rate, and authorized

33. Mace Towing to leave the scene with Plaintiff's entire business infrastructure. Mace Towing generated a fraudulent invoice (File Number 25014281) falsely classifying the vehicle as an "abandoned trailer," assessing an initial towing charge of $225 plus $40 per day for storage, despite their impound facility at 3501 Knight Arnold Road being closed to the public on Sunday.

34. On Tuesday, November 18, 2025, a corporate manager at Mace Towing issued a verbal redemption quote exceeding $870. When Plaintiff arrived at the lot on Wednesday, November 19, 2025, the final invoice had been altered to an excessive total of $939.63.

35. While at the impound yard, Plaintiff verified and recorded physical video evidence of separate customer invoices, proving that Mace Towing was intentionally altering price structures, doubling base fees, and charging Plaintiff over $200 more than other citizens for identical weights. This predatory pricing system is designed to permanently separate Plaintiff from his property, causing the complete destruction of his livelihood.

Internal Affairs Concealment and Deliberate Stonewalling

36. Following these collective incidents, Plaintiff made four separate, formal attempts to file official use-of-force, misconduct, and illegal property deprivation reports with the MPD Internal Affairs Division regarding the egregious actions of the responding personnel.

37. The City of Memphis and its Internal Affairs division have completely failed to investigate, failed to produce any written reports, and have intentionally prolonged, delayed, and stonewalled the release of the responding officers' names and body-worn camera footage.

38. This deliberate concealment was executed to insulate the department from liability and push the Plaintiff past the applicable one-year statute of limitations deadline, constituting a direct municipal ratification of the unconstitutional conduct of the individual officers.

## IV. CAUSES OF ACTION

Clause of Action Foundation and Right to Amend

39. Ongoing Pattern and Reservation of Right to Amend: The incidents, dates, and violations detailed in this Complaint are part of an ongoing, continuous pattern of unconstitutional harassment and property deprivation. Plaintiff's investigations and public records requests regarding these systemic practices are currently ongoing. Plaintiff explicitly reserves the right to amend or supplement this Complaint pursuant to Federal Rule of Civil Procedure 15 to incorporate additional specific dates, times, personnel names, and retaliatory incidents as they are uncovered through discovery or administrative disclosure.

**COUNT I: Unreasonable Seizure and Excessive Force Under the Fourth Amendment (42 U.S.C. § 1983)**(Against All Individual Officers and Defendant Mace's Heavy Duty Towing Series LLC)

40. Plaintiff realleges and incorporates paragraphs 1 through 39 herein.

41. The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, protects citizens against unreasonable searches and seizures of their persons and secure effects.

42. The responding MPD personnel, the Unknown Lieutenant, Officer Tipton, and Officer Cook, acting under color of law, joined in a conspiracy with private actors of Mace Towing to physically seize and cut locks off Plaintiff's commercial property without a warrant, without probable cause, and without a court order.

43. By placing a severely wounded, bleeding citizen under physical duress, threatening him with the theft of his business, and forcing him to bypass paramedic care to physically re-hook heavy equipment, the individual state actors subjected Plaintiff to an unreasonable, coercive seizure of his person via excessive force and state intimidation.

**COUNT II: Deprivation of Property Without Procedural Due Process Under the Fourteenth Amendment (42 U.S.C. § 1983)**

(Against All Defendants)

44. Plaintiff realleges and incorporates paragraphs 1 through 43 by reference.

45. The Fourteenth Amendment prohibits any State actor from depriving a citizen of life, liberty, or property without due process of law.

46. The City of Memphis, its individual officers, and Mace Towing (acting under color of law) stripped Plaintiff of his mobile business structures, keys, and tools without providing advance notice, a pre-deprivation hearing, or a lawful opportunity to be heard.

47. Defendants actively blocked Plaintiff from paying the legally mandated fees on-site, sanctioned fraudulent invoice rates, and ignored the statutory protections of the Tennessee Non-Consent Towing Act, resulting in an unconstitutional deprivation of Plaintiff's commercial livelihood.

**COUNT III: Municipal Liability - Monell Claim (42 U.S.C. § 1983)**

(Against Defendant City of Memphis, Tennessee)

48. Plaintiff realleges and incorporates paragraphs 1 through 47 by reference.

49. A municipality is liable under 42 U.S.C. § 1983 when the execution of its official policy, widespread custom, or unconstitutional practice causes a deprivation of constitutional rights.

50. The City of Memphis, through the MPD and its Internal Affairs division, maintains an ongoing custom, standard policy, and widespread practice of tolerating, covering up, and ratifying severe constitutional violations, illegal towing operations, predatory cash drop-fee extraction, and systemic

tracking failures.

51. The City's complete failure to investigate Plaintiff's four separate internal complaints, combined with its historical failure to track vehicles called in by dispatch (resulting in the total conversion of Plaintiff's Mercedes CLS 500), demonstrates a policy of deliberate indifference to the constitutional rights of citizens, which directly ,and proximately caused Plaintiff's injuries.

## 42 U.S.C.§ 1983) IV: Tennessee State Law Claims - Battery and Conversion

(Against Defendant Mace's Heavy Duty Towing Series LLC)

Plaintiff realleges and incorporates paragraphs 1 through 51 by reference.

53. By recklessly and aggressively backing a commercial tow truck into Plaintiff, throwing him to the asphalt, and causing pain ,leg lacerations and trauma, the employee of Defendant Mace Towing committed an intentional and harmful physical battery under Tennessee common law.

By cutting locks, removing tarps, demanding illegal cash rates, and permanently withholding Plaintiff's food trailer. "38118 OUTSIDE SMOKING." from his physical possession without lawful right, Defendant Mace Towing intentionally exerted unauthorized dominion and control over Plaintiff's property, constituting the tort of civil conversion.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff.Charles Henderson Tigner IV, respectfully requests that this Court enter judgment in his favor and against all named Defendants. granting the following legal and equitable relief:

**A.** Issue a formal declaratory judgment that the acts, omissions, policies, and customs of the Defendants violated Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution;

**B.** Issue an immediate order compelling the City of Memphis to produce all body-worn camera footage. dash camera footage, audio logs, dispatch records, and Internal Affairs files concerning the dates of June 2. 2025. and November 15. 2025:

**C.** Award full Compensatory, Special, and Economic Damages against all Defendants. jointly and severally. in the amount of $10,000,000 for severe physical leg trauma. ongoing medical expenses, severe emotional distress. deep public humiliation. and total destruction of commercial business revenues;

**D.** Award Punitive and Exemplary Damages against Defendant Mace's Heavy Duty Towing Series LLC. Defendant Officer Eric Cook, and Defendant Officer Charles Tipton. in the amount of $25,000,000 for their malicious, reckless.

fraudulent, and unconstitutional indifference to Plaintiff's physical safety and

civil property rights; and

E. Grant any further legal, equitable, or statutory relief this Court deems

just, proper, and necessary under the law.


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff hereby

formally demands a trial by jury on all counts, issues, and claims in this

action so triable.

Dated: June 2, 2026

Respectfully submitted,

_____

Charles Henderson Tigner IV

Plaintiff Pro Se

164 Walnut Bend Cove

Cordova, TN 38018

Phone: 901-779-1332

Email: c.tigner83@gmail.com